UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| S.C. MANAGEMENT, INC.,<br>formerly d/b/a Twin Rivers Regional<br>Medical Center,<br><br>      Plaintiff,<br><br>   vs.<br><br>MIKE LEAVITT, Secretary of the<br>United States Department of Health<br>and Human Services,<br><br>      Defendant. | Case No. 1:05CV12 CDP |

## MEMORANDUM AND ORDER

Plaintiff S.C. Management, Inc. (Twin Rivers) brought this case pursuant to 42 U.S.C. § 1395oo(f)(1) to challenge the Secretary's denial of a new provider exemption for Twin Rivers' skilled nursing facility for its 1993 and 1994 cost reporting periods. On November 9, 2005, I granted, in part, Twin Rivers' motion for summary judgment and remanded this case to the Secretary to determine the precise amount of reimbursement that the Secretary must pay Twin Rivers. In that Order and accompanying Judgment, I did not address the issue of interest under 42 U.S.C. § 1395oo(f)(2) that Twin Rivers had raised in its motion for summary judgment. Twin Rivers now seeks to amend my November 9, 2005 Judgment

1

pursuant to Fed. R. Civ. P. 59(e) to include an express award of interest in accordance with 42 U.S.C. § 1395oo(f)(2) on any reimbursement ultimately paid as a result of this case.  For the reasons set forth below, I will grant Twin Rivers' motion.

Fed. R. Civ. P. 59(e) was designed to allow a district court to correct its own mistakes immediately following an entry of judgment.  <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills</u>, 141 F.3d 1284, 1286 (8th Cir. 1998).  Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered information."  <u>Id.</u> (citations omitted).  Such motions do not permit a party to introduce new evidence, legal theories, or arguments which could have been offered prior to entry of judgment.  <u>Id.</u>

Twin Rivers does not raise any new arguments or theories in this motion, but instead requests the relief under 42 U.S.C. § 1395oo(f)(2) that it originally sought in its motion for summary judgment.  42 U.S.C. § 1395oo(f)(2) provides that where a provider seeks judicial review of a final decision by the Provider Reimbursement Review Board (PRRB), "the amount in controversy shall be subject to annual interest ... to be awarded by the reviewing court in favor of the prevailing party."  To be a "prevailing party" under 42 U.S.C. § 1395oo(f)(2), a party must have substantially received the relief sought and its lawsuit must have been a "catalytic,

2

necessarily, or substantial factor in attaining the relief." Tucson, 947 F.2d at 982. Twin Rivers has clearly satisfied both of these prongs in the present case. After exhausting the available administrative remedies, Twin Rivers successfully challenged the Secretary's denial of a new provider exemption for its 1993 and 1994 cost reporting periods. While the Secretary must still review Twin Rivers' requested reimbursements on remand, there is no question that Twin Rivers obtained the primary object of its lawsuit and is thus entitled to interest under 42 U.S.C. § 1395oo(f)(2).

The Secretary nevertheless opposes Twin Rivers' Rule 59(e) motion on the grounds that it is premature. According to the Secretary, the Court cannot rule on whether interest is due until the Secretary has first considered the issue. I disagree. By its express terms, 42 U.S.C. § 1395oo(f)(2) grants the judiciary, not the Secretary, the authority to award interest to a prevailing party. See Tucson Medical Center v. Sullivan, 947 F.2d 971, 981 (D.C. Cir. 1991) (noting that 42 U.S.C. §1395oo(f)(2) "is expressly directed to the judiciary."). The statute provides that interest shall "be awarded <u>by the reviewing court</u> in favor of the prevailing party." 42 U.S.C. § 1395oo(f)(2) (emphasis added). As the D.C. Circuit concluded in Tucson, "the deference normally accorded to the administrative agency's interpretation of its own statute is simply inapplicable when the statutory provision

is not one directed to the agency's administration of the law." 947 F.2d at 981. In the case of 42 U.S.C. § 1395oo(f)(2), all powers of interpretation and application are vested with the federal courts, thus eliminating the Secretary's right to the "first shot" at deciding the issue of interest. Additionally, the statute provides a clear formula for computing interest, thus removing any discretionary role that the Secretary could possibly play in the matter on remand.

While the Secretary must still determine the precise amount that Twin Rivers is entitled to for its 1993 and 1994 cost reporting periods, there is no question that whatever amount is ultimately paid to Twin Rivers shall be accompanied by an award of interest pursuant to 42 U.S.C. § 1395oo(f)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff S.C. Management, Inc.'s motion to amend this Court's November 9, 2005 judgment [# 30] is granted.

A separate amended judgment is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 1st day of December, 2005.